

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

October 4, 1951

Hon. H. A. Beckwith, Chairman
Board of Water Engineers
Austin, Texas          Opinion No. V-1297

Re:  Requirement for notice
and hearing upon appli-
cation for change of place
of use of permitted waters
and the fees to be charged
Dear Mr. Beckwith:          upon such an application.

Your first question is whether it is mandatory for the Board to issue notice and hold a hearing upon an application for change of place of use of permitted waters.

In an opinion written by this office on February 10, 1921 (Att'y Gen. Ops., Bk.55, p.149, published in Report and Opinions of Att'y Gen., 1920-1922, p.789), it was held that an application for change of purpose of use "should be treated as an original one, <u>requiring</u> advertisement, public hearing, etc., in like manner as if it were an original application for an original permit." (Emphasis supplied throughout.) Recognition and approval of this opinion was given in Att'y Gen. Op. 0-3397 (1941), dealing with the change of place of use.

In Opinion V-390 (1947) addressed to the Chairman of the Board of Water Engineers, this office held that "when passing on application for change of purpose and place of use, you are performing an administrative function, one which concerns regulation or supervision of an already issued permit, and in fulfilling this function you determine in the usual manner <u>after public notice and hearing</u>, if the proposed change will be for a purpose authorized by statute, will impair existing rights, and the public welfare involved in the change."

Prior to Clark v. Briscoe Irr.Co., 200 S.W. 2d 674 (Tex.Civ.App.1947), the courts of this State had never passed on the question of your authority to entertain an application for change of purpose or place of use. In deciding this question in the affirmative, the court held, at page 682:

". . . No right of appropriation may be acquired without application to the Board, setting forth the place and purpose of use, and a permit granted by the Board designating the place and purpose of use. The Board is charged with the duty of duly informing itself upon all matters relating to the proper performance of its duties in passing upon the application; is required to have a hearing after due notice to all interested parties; and is charged with the express duty to determine, inter alia, whether granting the permit will best subserve the public interest.

"These statutory provisions clearly invest the Board with the power and duty to determine whether the uses for which the application is made meet the statutory objectives, including that of being in the public interest. Necessarily the determination of that issue involves the exercise of a sound and reasonable discretion. Nor is it contended that the Board has not such discretion in passing upon an original application.

"Every consideration for vesting such original discretion in the Board applies with equal force for its exercise in case of change of purpose or place of use . . ."

The foregoing decision and opinions draw the Board's authority to entertain an application for change in place of use from the various statutory provisions dealing with an original permit and relate the function performed by the Board upon such an application to these statutory provisions. The matter of notice and

Hon. H. A. Beckwith - Page 3 (V-1297)

hearing on the original permit is covered by Articles
7508, 7509, and 7510, V.C.S. Article 7508 provides
that "before the Board shall approve such an applica-
tion /for original permit/ and issue any such permit,
notice of such application shall be given." Article
7509 provides that "such notice shall be published"
and that "a copy of such notice shall be transmitted
. . . to each claimant or appropriator of water
from such source of water supply." Article 7510 pro-
vides that the Board "shall sit to hear such appli-
cation" at the time and place stated in the notice.

Inasmuch as the Board's authority to enter-
tain an application for change is drawn from, and is
related to, the function it performs upon the original
permit application, it would seem that the mandatory
provisions of Articles 7508, 7509, and 7510 apply and
require notice and hearing upon application for change
of purpose and place of use. We construe this to be
the effect of the holdings of the Clark case and the
quoted opinions of this office. If we are correct
in this, then notice and hearing are jurisdictional
in the sense that the permit upon change would not be
valid without them. If the permit is to be assured
of validity, the only safe course is to treat the
matter of notice and hearing as mandatory.

Your other question deals with the fees to
be charged upon a pending application for change of
place of use. The applicant paid the maximum use fee
required by Article 7532 when he acquired his original
permit and contends that this excuses him from paying
the filing, recording, and postage fees which you seek
to exact under Articles 7532 and 7511, V.C.S.

Article 7532 provides for four separate
and distinct types of fees, viz, filing, recording,
certification, and use. After setting out the amounts
to be charged for filing, recording, and certification,
the statute provides:

"In addition to the fees herein
otherwise provided there shall be paid to
the Board for the benefit of the State the
following fees upon each application for a
permit to acquire a water right:

Hon. H. A. Beckwith - Page 4 (V-1297)

"For the use of water for irrigation,
ten cents per acre for each acre to be
irrigated.

"For the use of water for hydraulic
power twenty-five cents for each theoreti-
cal horsepower.

"For use of water for steam or gas
power plant, cooling, condensing or steam
purposes twenty-five cents for each indi-
cated horsepower.

"For other uses not specifically
named herein twenty-five cents per acre
foot based on estimated annual consumption.

"For the use of water for parks,
pleasure resorts, game preserves, twenty
cents per acre foot of storage, based on
the holding capacity of reservoir.

"The maximum fees for any use of water
under a permit shall not exceed one thousand
five hundred dollars and for each additional
use under the same permit for which such
maximum fee is paid the fee shall not exceed
two hundred dollars in addition to said sum
of one thousand five hundred dollars."

To us this language clearly relates the stat-
utory maximum to the fee collectible for the use of
water. The use fee is payable to the State for the use
of its waters. The filing, recording, and certifica-
tion fees are paid to the State for services rendered
by the Board. Article 7511 simply requires the appli-
cant to pay the mailing and publication costs upon
issuance of notice of hearing. This charge and the
filing, recording, and certification fees due under
Article 7532 are separate and distinct from the
maximum fee which can be charged for use and are
therefore to be paid and collected in addition to
the use fee. By the same analogy drawn above with
respect to notice and hearing, these fees are to be
charged upon an application for change of purpose
or place of use the same as upon an original appro-
priation application.

## SUMMARY

Notice and hearing are mandatory upon all applications for change of purpose and place of use of permitted water. The filing, recording, certification, and postage fees prescribed by Articles 7532 and 7511, V.C.S., are collectible upon such an application even though the applicant paid the maximum statutory use fee when securing his original appropriation permit.

Yours very truly

PRICE DANIEL
Attorney General

By H. D. Pruett, Jr.
Assistant

HDP:bt

APPROVED:

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant